UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL M. KNIGHT,

                Petitioner,

v.                                                  Case Number 06-15379
                                                  Honorable David M. Lawson

MICHIGAN DEPARTMENT
OF CORRECTIONS and JAN TROMBLEY,

                Respondents.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Paul M. Knight, presently confined at the Saginaw Correctional Facility in Freeland, Michigan has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. He says that his procedural due process rights were violated when the State found him guilty of violating the conditions of parole, and the State unlawfully increased the time before his next release date in retaliation for his complaint about the irregularity of the initial parole violation procedure. However, the petitioner did not fairly present his claims to all levels of the Michigan courts. Because he has not exhausted state court remedies, the Court must dismiss the habeas petition without prejudice.

I.

The petitioner's submission contains conflicting information about his incarceration. On page two of the petition, the petitioner asserts that he was returned to prison on September 16, 2004. On page three, the petitioner contends that he was returned to prison on June 2, 2006. Regardless of the date, the petitioner was apparently returned to prison on charges of violating the conditions of his parole by absconding and consuming alcohol. On October 21, 2004, the Michigan Parole

Board dismissed the absconding count but found the petitioner guilty of consuming alcohol on or about September 15, 2004. The petitioner alleges that his release date was erroneously set for October 14, 2006, and it should have been set for August 26, 2006. The petitioner contends the difference is 56 days, but the Court's calculations reveal a difference of 49 days.

On August 30, 2006, the petitioner filed a motion for a writ of habeas corpus in the Saginaw County, Michigan circuit court challenging his continued detention beyond August 26, 2006. While that case was pending, the petitioner was notified that his discharge date was extended to October 4, 2011, an addition of nearly five years. The petitioner believes the further extension of his release date constitutes retaliation for his filing of the habeas petition in the Saginaw court. On September 12, 2006, the Saginaw court denied the petition. The court wrote:

> [T]he Court has been informed that the absconding violation was dismissed pursuant to an agreement with the Parole Board wherein the Petitioner pled guilty to an alcohol related violation. As part of the agreement, the Petitioner was to receive fifty-six (56) days of "dead time."

*Knight v. Trombley*, No. 06-0611770-AH (Sag. Cir. Ct. Sept. 12, 2006). The petitioner denies that he entered into such an agreement, and he filed a motion for reconsideration. On October 13, 2006, the Saginaw court denied the petitioner's motion for reconsideration. In that decision, the Saginaw County court discussed the further extension of the petitioner's release date, determined that the extension was a result of an adjustment of good time credits, and concluded that "Mr. Knight has not been illegally detained." *Knight v. Trombley*, No. 06-0611770-AH (Sag. Cir. Ct. Oct. 13, 2006). The record does not disclose an appeal from the Saginaw court's decision.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A Michigan petitioner must present each ground for relief to both Michigan appellate courts. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Exhaustion of state remedies provides the State with an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A review of the habeas petition and attached exhibits reveals that the petitioner presented his claims to the Saginaw County Circuit Court in a state petition for the writ of habeas corpus. On September 12, 2006, Saginaw County Circuit Judge Fred L. Borchard denied the habeas petition, and on October 13, 2006, Judge Borchard denied reconsideration.

The petitioner has not shown that he raised his claims in the Michigan Court of Appeals or in the Michigan Supreme Court. Although a circuit court's order denying a habeas corpus complaint is not appealable by right, the prisoner may file an original complaint in the state court of appeals. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779-80, 371 N.W.2d 862, 866 (1985). An

application for leave to appeal the court of appeals' decision may be filed in the Michigan Supreme Court.  *See* Mich. Ct. R. 7.302(A)(2); *see also McCloud-Bey v. Mich. Dep't of Corr.*, 461 Mich. 940, 606 N.W.2d 26 (1999).

The petitioner in this case has taken none of these steps.  This Court, therefore, may not entertain his claims.  *See* 28 U.S.C. § 2254(b).

### III.

The petitioner has failed to show that he exhausted the available state court remedies for his claims.  Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is summarily **DISMISSED without prejudice** pursuant to Rule 1(a) and (b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

　　　　　　　　　　　　　　　　　　s/David M. Lawson
　　　　　　　　　　　　　　　　　　DAVID M. LAWSON
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: January 9, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 9, 2007.

　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　FELICIA M. MOSES